***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission. The plaintiff contends that he suffered an injury by accident or traumatic event arising out of and in the course of his employment with All Seasons, Inc., on February 8, 2001. The plaintiff contends that he suffered an injury by accident or traumatic event arising out of and in the course of his employment with All Seasons, Inc., on February 15, 2001.
2. The Employer, All Seasons, Inc., is not insured for losses or injuries related to its employees under the workers' compensation act.
3. There is no question as to misjoinder or nonjoinder of the parties.
4. The plaintiff's average weekly wage will be determined by an accurate Form 22 and by various employment records.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. On March 14, 2003, former Deputy Commissioner Douglas Berger entered a consent Order executed by Assistant Attorney General Myra L. Griffin, Peter Morgan Pelly, Jr., President of All Seasons, Inc., and Gene Leicht, Counsel for All Seasons, Inc. That Order provided, in part, that All Seasons, Inc., reported three or more employees to the Employment Security Commission during the first and fourth quarters of 2000, the entire year of 2001, and the first and second quarters of 2002. The Order provided for the payment of a $500.00 administrative penalty by All Seasons, Inc., and included a stipulation and agreement by All Seasons, Inc., to pay all claims to any injured employee agreed or determined to be compensable under Chapter 97 of the North Carolina General Statutes.
2. The plaintiff testified that he started working for the defendant in November 2000 and was paid $11.00 per hour. Check stubs from dates near the time of the plaintiff's injury show that his pay had been increased to $12.00 per hour. The plaintiff worked with Christopher Lillie and John Mulcahey, who was the foreman on the job. The plaintiff was paid on the defendants' checks in the same manner and at the same time of the week as Mr. Lillie and Mr. Mulcahey. The defendant sent the plaintiff a W-2 form.
3. The plaintiff testified that Mr. Mulcahey told him what hours to work, told him what work he was to do, and told him when to take breaks. The plaintiff said he used his own tool belt and ladders, but the defendant provided chop saws, nail guns, and materials for the job.
4. Morgan Pelly testified that the defendant was in the heating and air conditioning business and that the plaintiff was not hired to do heating and air conditioning work.
5. Mr. Lillie worked for the defendant doing heating and air conditioning work. When there was no heating and air conditioning work to do, Mr. Lillie did construction work with the plaintiff and Mr. Mulcahey on the home that Mr. Pelly was building.
6. The defendant alleges that the plaintiff was an independent contractor, yet he paid Mr. Lillie, Mr. Mulcahey, and the plaintiff as employees of All Seasons, Inc. Mr. Pelly testified that other contractors on the job bid on the work they did and did not keep timecards like the plaintiff. Mr. Pelly also testified that he told Mr. Mulcahey what to do and Mr. Mulcahey told the plaintiff what to do. There is nothing in the record before the Commission to support the defendant's allegation that the plaintiff was an independent contractor while working on the house where he was injured.
7. On February 8, 2001, the plaintiff slipped and injured his back on a plywood walkway that had been put in place to prevent mud from being tracked into the house. On February 15, 2001, the plaintiff injured his neck when a four-foot by eight-foot piece of plywood fell and hit him in the head and neck. The plaintiff reported his injury to Mr. Mulcahey. Mr. Pelly testified that the plaintiff reported the neck injury to him the same day it occurred. The plaintiff continued to work for a while, but pain persisted and the plaintiff took a couple days off. Mr. Pelly suggested that the plaintiff see a chiropractor and Mr. Pelly paid for the visit.
8. The plaintiff was initially treated at Acton Family Chiropractic Center and then sought treatment at Buncombe County Health Center due to continuing problems with his neck and back. A subsequent MRI showed a bulging disc in the plaintiff's cervical region. An appointment was made for the plaintiff with ABCCM Medical Ministries, who then referred the plaintiff to Dr. Steven David. Based on a physical exam and MRI, Dr. David diagnosed the plaintiff with a large, right-sided herniated disc at C5-6. Dr. David recommended surgery, which was performed on August 1, 2002. The surgery revealed a herniated disc at C5-6 with nerve impingement. Dr. David performed a C5-6 anterior cervical discectomy and fusion with application of a plate.
9. Dr. David saw the plaintiff again on October 11, 2002, for follow up and noted that the plaintiff was two months post C5-C6 ACDF with fusion allograft. He noted that the plaintiff was back at work and had significant improvement in his neck and upper extremity pain.
10. Dr. David testified to a reasonable degree of medical certainty that the plaintiff's slip and fall at work and the plywood hitting him on the head in February 2001 was the cause of his herniated disc and that the surgery was reasonably necessary to effect a cure or provide relief for the neck injury.
11. The plaintiff saw Dr. Daniel Garber in December 2002 for low back pain. Dr. Garber referred the plaintiff to Dr. Margaret Burke. An MRI revealed degenerative disc disease at L4-5 and osteoarthritis at L5-S1. The plaintiff then saw Dr. Robert Steward for the low back pain. Dr. Steward treated the plaintiff with medication, ice and heat, and recommended physical therapy or home exercise. Dr. Steward testified that the plaintiff's slip and fall on the plywood was a "major contributor to the low back pain."
12. Some of the physicians that treated the plaintiff noted that he continued to work between the different treatments because of financial difficulties. However, the plaintiff was disabled from employment from July 12, 2002, through October 11, 2002, as a result of his neck injury and related medical treatment and surgery.
13. The defendant has not filed Forms 19, 33R, nor a 60, 61, or 63. The defendant has failed to file a Form 22 in this matter.
14. The evidence of record shows that the plaintiff earned $12.00 per hour and that some weeks he worked over 40 hours and other weeks he worked less than 40 hours. The parties did not address the average weekly wage in their contentions nor stipulate to an average weekly wage. The Full Commission finds the plaintiff's average weekly wage to be $480.00, yielding a compensation rate of $320.00.
15. The Full Commission finds that the plaintiff was an employee of the defendant at the time of his February 8, 2001, and February 15, 2001, injuries by accident.
16. The Full Commission, in its discretion, finds that because defendant has brought this appeal, and because the Award herein orders the defendant to make the payment of benefits as awarded by the Deputy Commissioner, the plaintiff is entitled to reimbursement for the costs, including attorney's fees, incident to defendant's appeal to the Full Commission. The Full Commission finds plaintiff's reasonable costs in defending this appeal, including attorney's fees, to be $2,500.00.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff was a regular employee of the defendant within the meaning of the North Carolina Workers' Compensation Act, and the defendant employed three or more employees at the time of the plaintiff's injuries by accident on February 8, 2001, and February 15, 2001. The parties are subject to and bound by the provisions of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
2. The plaintiff suffered compensable injuries by accident arising out of and in the course of his employment to his back on February 8, 2001, and to his neck on February 15, 2001. N.C. Gen. Stat. § 97-2(6).
3. The plaintiff's average weekly wage was $480.00, yielding a compensation rate of $320.00. N.C. Gen. Stat. § 97-2(5).
4. The plaintiff is entitled to have the defendant pay to him temporary total disability compensation from July 12, 2002, through October 11, 2002, as a result of his injuries by accident. N.C. Gen. Stat. § 97-29.
5. If the plaintiff has any permanent partial disability rating to his neck or back, the plaintiff is entitled to have the defendant pay to him compensation pursuant to N.C. Gen. Stat. § 97-31.
6. The plaintiff is entitled to have the defendant pay for all reasonably necessary medical compensation related to his injury by accident to his neck and back that tends to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25.
7. The defendant shall pay to the plaintiff, in addition to the compensation awarded herein, $2,500.00 for the reasonable costs, including attorney's fees, incident to defendant's appeal to the Full Commission. N.C. Gen. Stat. § 97.88.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The defendant shall pay to the plaintiff temporary total disability compensation at the rate of $320.00 per week for the period of July 12, 2002, through October 11, 2002. This amount has accrued and shall be paid in a lump sum, subject to an attorney's fee set out below.
2. The defendant shall pay all medical expenses incurred by the plaintiff related to his February 8, 2001, back injury and his February 15, 2001, neck injury.
3. Having received no evidence regarding the plaintiff's permanent partial disability rating, the Full Commission does not address that issue. Should the plaintiff obtain a rating and the parties are unable to agree on the amount of compensation due, either party may request a hearing before the Industrial Commission to resolve that issue.
4. The plaintiff's counsel is entitled to an attorney's fee of twenty-five percent (25%) of the lump sum amount awarded to the plaintiff in Paragraph 1 of this Award. This amount shall be deducted from the lump sum amount owed to the plaintiff and paid directly to the plaintiff's counsel.
5. The defendant shall pay to the plaintiff, in addition to the compensation awarded herein, $2,500.00 for the reasonable costs, including attorney's fees, incident to defendant's appeal to the Full Commission.
6. The defendant shall pay the costs.
This 3rd day of October 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN